CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 12, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LARRY LEE SCOTT,** | ) |
| | ) |
| Plaintiff, | ) Case No. 7:25CV00485 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **OFFICER J. DOYLE, et al.,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Larry Lee Scott*, Pro Se Plaintiff; *Rosalie Pemberton Fessier, Kelly C. MacCluen, and Brittany E. Shipley*, TIMBERLAKE SMITH, Staunton, Virginia, for Defendants.

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, raising claims regarding denial of religious services, including an inability to be baptized. By Order entered July 22, 2025, the court conditionally filed Scott's Complaint and, among other things, directed Scott to notify the court in writing immediately upon his transfer or release and provide a new address. Order 3, Dkt. No. 3. The court warned him that failure to comply with this requirement would result in dismissal of the action without prejudice. *Id.* On January 29, 2026, an Order was entered transferring the case to the undersigned for all further proceedings and such Order was mailed to Scott at his last known address of record. Oral Order, Dkt. No. 22. However, the mailing of the Order was returned as undeliverable to Scott at the address he had provided. Mail Returned Undeliverable,

Dkt. No. 23.  The returned envelope indicated that authorities were unable to forward the mailing and that Scott is not housed in the Virginia Department of Corrections. *Id.*

Without a current mailing address, the court cannot communicate with Scott regarding next steps in the litigation.  Furthermore, Scott has not responded to the pending Motion for Summary Judgment, and the deadline has passed to do so.  Accordingly, the court concludes that Scott may have lost interest in prosecuting this action and will, therefore, dismiss it without prejudice.  *See Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025) (providing that Federal Rule of Civil Procedure 41(b) provides an explicit basis for courts to dismiss a case for failure to prosecute or comply with court orders).

For these reasons, the Complaint will be dismissed without prejudice, and the defendants' Motion for Summary Judgment, Dkt. No. 14, will be denied without prejudice as moot.

ENTER:  March 12, 2026

/s/  JAMES P. JONES
Senior United States District Judge